IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISON

| | |
|---|---|
| Harry Eugene Reese, Sr., | C/A No. 3:16-3491-JFA-PJG |
| Plaintiff, | |
| v. | **ORDER** |
| Dr. Robert Bank; Mr. John Magill; Ms. Maria Marin; Ms. Denise Morgan; Ms. Vicki Brown; Ms. Eleanor Odom; South Carolina Department of Mental Health, | |
| Defendants. | |

**I.     INTRODUCTION**

The pro se plaintiff, Harry Eugene Reese, Sr., ("Reese"), filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; and the Equal Pay Act of 1963, 29 U.S.C. § 206(d). He also asserts state law claims of defamation, civil conspiracy, and intentional infliction of emotion distress. The defendants include his former employer, the South Carolina Department of Mental Health ("DMH"), and individual employees thereof (collectively "Defendants"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to the Magistrate Judge. Thereafter, Defendants filed a motion to dismiss the pro se complaint filed by Reese. (ECF No. 29).

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that Defendant's motion to dismiss should be granted in part and denied in part. (ECF No. 41).[2] The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Defendants filed objections to the Report on September 12, 2017, (ECF No. 44), and Reese has not filed any objections to the Report nor has replied to the objections by Defendants. Objections to the Report were due September 12, 2017 and a reply to Defendants objections were due September 26, 2017. Both deadlines have passed. Thus, this matter is ripe for review.

The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] The Magistrate Judge also filed a supplemental report and recommendation (ECF 46) where the Magistrate addressed a claim that had been inadvertently overlooked in the Magistrate's Report. When referring to the Report this court includes the Supplemental Report and Recommendation unless otherwise specified.

Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**II. DISCUSSION**

Here, Defendants object to the Magistrate Judge's recommendation that Defendants' Motion to Dismiss be denied as to Reese's Title VII claim. (ECF No. 44 p. 2)[3]. Neither Reese nor Defendants objected to the Magistrate Judge's recommendation that Reese's claims for defamation, civil conspiracy, intentional infliction of emotional distress, violation of the Equal Pay Act, violation of the ADA, and all claims against the Individual Defendants should be dismissed. After a thorough review of those claims, this Court agrees with the Magistrate Judge and adopts the Magistrate's recommendation as to the above stated claims. Because there were no objections to those claims this Court is not required to give an explanation for adopting the Magistrate Judge's recommendation. *See Camby*, 718 F2d. at 199.

**A. Title VII Claim**

Defendants specifically object to the Magistrate's finding that "because Reese appears to assert that he is entitled to equitable tolling based on apparent misinformation he received from the Clerk of Court's office, the court should not resolve the issue of timeliness on a motion to dismiss." (ECF No. 41 p. 4). First, Defendants argue that Reese's Complaint does not state facts that support the application of equitable tolling. Second, Defendants argue that Reese's alleged reliance on an unidentified Clerk's Office employee is not an extraordinary circumstance and does not support a finding of equitable tolling.

---

[3] Defendants also object to the initial Report to the extent that it also denied the motion to dismiss as to the ADA Claim. However, in the Magistrate's Supplemental Report and Recommendation the Magistrate agrees with the Defendants and recommends dismissal of the ADA claim. (ECF No. 46 p. 1). Therefore, this Court will not address Defendants' objection to the ADA claim because its objection is no longer relevant.

After a complainant files a charge with the Equal Employment Opportunity Commission ("EEOC"), Title VIII requires the EEOC to "notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent." 42 U.S.C. § 2000e-5(f)(1). "The 90-day filing requirement is 'not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statue of limitations, is subject to waiver, estoppel, and equitable tolling.'" *Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 Fed. Appx. 314, 321 (4th Cir. 2011) (citing *Laber v. Harvey*, 438 F.2d 404, 429 n. 25 (4th Cir. 2006)). Here, Reese's Complaint alleges that he received the right-to-sue notice on July 26, 2016. (ECF No. 1 p. 12). Thus, the 90-day period ended on October 24, 2016. Reese filed his Complaint with this Court on October 26, 2016, two days after the 90-day period had ended.

Defendants argue that Reese has not stated facts in his Complaint which would warrant equitable tolling. The Fourth Circuit has held:

> [A] motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred. But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)."

*Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Here, the Magistrate Judge found that Reese asserted that he is entitled to equitable tolling based on apparent misinformation he received from the Clerk of Court's office. The Magistrate subsequently held that Reese's Complaint is insufficient on its face to resolve the Defendants affirmative defense that the plaintiff's claim should be time-barred. However, the Magistrate did not deny Defendants' claim of untimeliness with prejudice, just recommended denial as to this motion to dismiss. This Court

agrees with the Magistrate's recommendation. The facts alleged in the complaint are not sufficient to rule on the timeliness defense.

The Defendants also argue that reliance on the Clerk's Office employee does not warrant equitable tolling and therefore the claim is time-barred and should be dismissed. Defendants argue that the Magistrate's reliance on *Parmaei v. Jackson*, 378 F. App'x 331, 332 (4th Cir. 2010) for the proposition that a district court's clerk error may warrant equitable tolling is misplaced. Defendants argue the facts are distinguishable because in *Parmaei* the defendant "had made every effort to timely file his petition but was impeded by circumstances outside of his control" and here Reese did not. (ECF NO. 44 p. 7). However, it is not clear from Reese's complaint the extent to which *Parmaei* may or may not be distinguishable from this case. Timeliness is an affirmative defense under Fed. R. Civ. P. 8(c) and this Court cannot reach the merits of affirmative defense on a motion to dismiss where the complaint, on its face, is insufficient to resolve the affirmative defense. Therefore, the Court agrees with the Magistrate's recommendation that Defendants' motion to dismiss be denied as to Reese's Title VII claim against DMH without prejudice to raise the issue of timeliness on a more fully developed record.

### III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 41)[4] and **DENIES** Defendants' motion to dismiss as to Reese's Title VII claim against the South Carolina Department of Mental Health and **GRANTS** Defendants'

---

[4] The Court adopts the Report as modified by the Supplemental Report and Recommendation. (ECF 46).

motion as to Reese's claims for defamation, civil conspiracy, intentional infliction of emotional distress, violation of the Equal Pay Act, violation of the Americans Disability Act, and all claims against Dr. Robert Bank, Mr. John Magill, Ms. Maria Marin, Ms. Denise Morgan, Ms. Vicki Brown, and Ms. Eleanor Odom. Therefore, the clerk shall return this file to the Magistrate Judge.

IT IS SO ORDERED.

November 21, 2017
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge