IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Harry Eugene Reese, Sr., <br><br> Plaintiff, <br><br> v. <br><br> South Carolina Department of Mental Health, <br><br> Defendant. | C/A No. 3:16-3491-JFA <br><br><br> **ORDER** |

**I.  INTRODUCTION**

The *pro se*[1] Plaintiff, Harry Eugene Reese, Sr. ("Plaintiff"), filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, against his former employer and the Defendant in this case, the South Carolina Department of Mental Health ("DMH" or "Defendant"). The matter is before this Court on the parties' cross motions for summary judgment. (ECF Nos. 68, 69). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advised the Plaintiff of the Defendant's Motion for Summary Judgment, the consequences of not responding to the Motion, and the date on which his response was due. (ECF No. 71). On March 2, 2018, the Defendant filed its response to the Plaintiff's Motion. (ECF No. 73). On May 2, 2018, the Plaintiff filed his response to the Defendant's Motion. (ECF No. 88). On May 9, 2018, the Defendant filed a reply to the Plaintiff's Response. (ECF No. 90).

---

[1] "*Pro se* complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers." *Ally v. Yadkin Cty. Sheriff Dept.*, 698 F. App'x 141, 142 (4th Cir. 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

1

After reviewing the pleadings, the Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and recommends that the Defendant's Motion for Summary Judgment (ECF No. 68) be granted and the Plaintiff's Motion for Summary Judgment (ECF No. 69) be denied. (ECF No. 93). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

## II.  DISCUSSION

A district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

In his Objection to the Magistrate's Report, the Plaintiff largely recites the circumstances that led him to bring this action, which is a reassertion of information he provided in his Complaint. *See* (ECF No. 1). Additionally, the Plaintiff asserts arguments that he already asserted in his briefs in support of his Motion for Summary Judgment and in opposition to the Defendant's Motion for Summary Judgment, which have been reviewed thoroughly by the Magistrate Judge.

Where an objection is "nonspecific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate[s] . . . claims," the Court need not conduct any further review of that objection. *Field v. McMaster*, 663 F. Supp. 2d 449, 452 (D.S.C. 2009); *see McNeil v. SC Dept. of Corrections*, No. 5:12-2880-MGL, 2013 WL 1102881, at *1 (D.S.C. Mar. 15, 2013) (finding petitioner's objections to be without merit where the objections were "non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and consist[ed] of a reassertion of the arguments" made in the petition); *Arbogast v. Spartanburg Cty.*, No. 07:11-

cv-00198-GRA, 2011 WL 5827635, at *2 (D.S.C. Nov. 17, 2011) (finding that plaintiff's objections were not specific where the objections were "general and conclusory in that they merely reassert[ed] that his conviction was wrongful"). Out of an abundance of caution, however, each of the Plaintiff's objections are addressed below, and each is without merit.

### A. CAUSE I

The Plaintiff argues that the Equal Employment Opportunity Commission ("EEOC") should have investigated the matter, and thus the Magistrate was wrong for recommending that the Defendant's Motion for Summary Judgement be granted. (ECF No. 97). This is a reassertion of an argument the Plaintiff has already made (ECF No. 88 p. 47), and the Magistrate already considered the Plaintiff's prior arguments in her Report. Therefore, this argument does not constitute a specific objection. *See Workman*, 2017 WL 4791150, at *1 (noting that the reassertion of arguments from prior briefs does not constitute a specific objection to a report and recommendation).

### B. CAUSE II

There is nothing in Clause II that could remotely be considered a specific objection to the Magistrate's Report. Therefore, this requires no further review.

### C. CAUSE III

Here, the Plaintiff claims that the Defendant engaged in felonious acts and unethical conduct "of which the court refuses to acknowledge." (ECF No. 97 p. 2). He also claims that he's being treated unfairly by the court system. *Id.* at 3. These conclusory allegations do not constitute a specific objection to the Magistrate's Report and, therefore, require no further review.

### D. CAUSE IV

Next, the Plaintiff claims that he is entitled to equitable tolling, essentially claiming that it is the clerk of court's fault that he filed outside of the applicable statute of limitations. (ECF No. 97 p. 6). The Plaintiff claims that he filed his Complaint late because of the "inappropriate conduct of the court" and that "the court should be held responsible" for his late submission. *Id.* at 10.

"Plaintiffs are entitled to equitable tolling only if they show that they have pursued their rights diligently and extraordinary circumstances prevented them from filing on time." *Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016). The Supreme Court of the United States has held that the doctrine should only be applied "sparingly." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). The plaintiff bears the burden of establishing the elements of equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Moreover, "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The instances where a gross injustice would result include "situations where the claimant has actively pursued his judicial remedies by filing a defective pleading *during the statutory period*, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (emphasis added). Courts, however, are "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id.* (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)).

Several South Carolina courts have found that a party has "actively pursued" his or her remedies when the party attempted to file his or her complaint within the appropriate window of

5

time. *See Holmes v. McCarthy*, No. 3:17-cv-000682-MBS-KDW, 2017 WL 5495782, slip op. (D.S.C. Oct. 4, 2017); *Middleton v. Colvin*, No. 8:15-cv-00299-BHH-JDA, 2015 WL 5916209 (D.S.C. Oct. 8, 2015).

In *Holmes*, the *pro se* plaintiff contacted the courthouse and faxed her complaint there on the last day of her filing deadline because she had issues finding transportation to the courthouse. *Holmes*, 2017 WL 5495792, at *4. On the next business day, she physically delivered the same Complaint to the court and "perfect[ed] the filing of her judicial complaint around 3:30 pm." *Id.* The court found that equitable tolling should apply because the plaintiff "attempted to file her complaint within the 90-day window required by Title VII," evidenced by the fax she sent to the court before the end of business on the last day of her filing deadline. *Id.*

Similarly, in *Middleton*, the District Court of South Carolina applied the doctrine of equitable tolling where a *pro se* plaintiff's was required to file her complaint by January 20. *Middleton*, 2015 WL 5916209, at *1. The plaintiff mailed her complaint to the court on January 12, and the clerk of court returned it to her for lack of filing fee on January 14. *Id.* The plaintiff mailed her complaint in a second time on January 20, but the court did not receive the complaint until January 22. *Id.* The court that "fairness concerns" supported the application of equitable tolling. *Middleton*, 2015 WL 5916209, at *3. The court reasoned that the plaintiff had "clearly attempted to timely commence this civil action but was mistaken as to the process of opening a case," and once she was "notified of her deficiencies," she "quickly re-filed her Complaint." *Id.*

However, in *Harvey v. City of New Bern Police Dept.*, 813 F.2d 652 (4th Cir. 1987), the Fourth Circuit Court of Appeals held that equitable tolling did not apply where the plaintiff missed the 90-day deadline by one day. In *Harvey*, the EEOC issued a Right to Sue letter on November 26, 1985; the plaintiff's wife waited until December 2, 1985 to make the plaintiff aware of the

Letter; and the plaintiff subsequently employed counsel and filed his complaint on February 26, 1986—91 days after the plaintiff's wife received the letter. *Harvey*, 813 F.2d at 653. The court held that equitable tolling did not apply because "[t]he ninety day notice period itself is clear evidence that Congress intended to require claimants to act expeditiously, without unnecessary delay." *Id.* at 654. Moreover, the court reasoned that the plaintiff "knew of the right to sue letter within six days of its arrival and this left him eighty-four days to file his complaint" and that "[t]here has been no showing that this was not sufficient time within which to act." *Id.*

Again, in *Johnson v. Bryant*, C/A No. 0:11-537-JFA-PJG, 2012 WL 2935254 (D.S.C. July 19, 2012), the court held that a plaintiff who missed the filing deadline by two days failed to satisfy the statute of limitations. The plaintiff represented in his complaint that he received a Right to Sue notice on August 5, 2010. *Id.* at *2. He filed his complaint on November 5, 2010, ninety-two days later. *Id.* The court in *Johnson* noted that "a party is bound by the admissions of his pleadings." *Id.* (quoting *Grice v. Baltimore Cty.*, 354 F. App'x 742, 747–48 (4th Cir. 2009)). Accordingly, the court held that Mr. Johnson's Title VII claim was "untimely and must be dismissed." *Id.*

The Plaintiff argues that equitable tolling should be applied because the clerk of court's instructions were misleading. (ECF No. 97 p. 6). He also argues that he is entitled to equitable tolling because he does not have legal education; he has a job and is busy; and he had to make some corrections to the Complaint before filing it. *Id.* at 8–9.

However, unlike the plaintiffs in *Holmes* and *Middleton*, who both filed something within the applicable deadline, the Plaintiff did not file his Complaint in person or otherwise within the deadline. Although the Plaintiff went to the courthouse with his Complaint on the last day of the 90-day deadline, his actions are not enough to constitute an "attempt to file within the deadline." The "attempt" occurred two days after the deadline when he filed his Complaint with the court.

7

Further, the Plaintiff states in his Complaint that he received the Notice of Right to Sue on July 26, 2016. (ECF No. 1 at 12). As in *Johnson*, the Plaintiff is bound by the admissions of his pleadings. He did not file his Complaint until October 26, 2016, ninety-two days later. *See* (ECF No. 1).

In response to a court order (ECF No. 98), the Plaintiff filed an affidavit clarifying his recollection of the events that transpired on the day he attempted to file his Complaint. (ECF No. 102). The Plaintiff alleges in his affidavit that the clerk who handled his initial attempt to file his Complaint, whom he described as a Caucasian female of a height between 5'6 and 5'8 and of an age between late 30's to 50, informed the Plaintiff that his Complaint had errors and instructed him to review the court's website, make corrections, and return the Complaint. *Id.* He adds that he "inquired of the clerk as to [whether] adhering to the court's instructions would jeopardize the Plaintiff's deadline" and that the "Clerk adamantly stated that it would not jeopardize the Plaintiff's deadline." *Id.* He further alleges the "Clerk offered no timeframe as to when to return the Complaint." *Id.*

However, the Plaintiff was already warned in his EEOC Right to Sue letter of the 90-day deadline to file. (ECF No 1 p.12). Further, if the Plaintiff's recollection of what the courthouse staff told him is true, he was not specifically told that he could miss the statute of limitations. The clerk merely told him that fixing and filing his Complaint would not "jeopardize his deadline." (ECF No. 102). Without any more specificity, the woman the Plaintiff describes could have been indicating that fixing and filing his pleading that same day would not be an issue. She also may not have known what date the statute of limitations ran in the Plaintiff's specific situation. Without more, this Court cannot conclude that the clerk of court misled the Plaintiff into believing he could miss the applicable statute of limitations by two days.

8

Like the plaintiff in *Harvey*, the Plaintiff untimely filed his Complaint, despite having been advised of the 90-day limitations period by the Right to Sue letter issued by the EEOC on July 26, 2016. *See* (ECF No. 1 p. 12). The letter provided that the Plaintiff had 90 days to file his Complaint. (ECF No. 1-1 p. 42). However, the Plaintiff waited 90 days and, on the last day of the deadline, he went to the courthouse with his Complaint. Upon receiving instructions from the clerk of court to correct the deficiencies in his Complaint, he allowed two days to elapse before he actually filed the Complaint. *See* (ECF No. 1). The alleged "misinformation" he received from the clerk of court and his lack of knowledge about the law does not constitute an extraordinary circumstance. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

In *Sosa*, the Fourth Circuit Court of Appeals held that a *pro se* prisoner was not entitled to equitable tolling where the prisoner "did not understand how the statute of limitations operated in his case." *Id.* The court reasoned that, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *Id.*

The Plaintiff cannot demonstrate that he "actively pursued his judicial remedies by filing a defective pleading *during the statutory period*." *See Irwin*, 498 U.S. at 96 (emphasis added). Moreover, like the plaintiff in *Harvey*, the Plaintiff has not shown that the 90 days was "not a sufficient time within which to act," and he has not shown that an extraordinary circumstance prevented him from filing on time. *Harvey*, 813 F.2d at 654. Therefore, equitable tolling does not apply, and the Plaintiff's objection is without merit.

**E.    CAUSE V**

Next, the Plaintiff "strongly objects" the court's striking from the record those pages in excess of the thirty-five page maximum imposed under Local Rule 7.05 (D.S.C.). (ECF No. 97 p. 11). The Magistrate noted, however, "that consideration of the[] filings beyond the thirty-five page

limit would not change the court's analysis or recommendation." (ECF No. 93 p. 1 n.2). Therefore, Plaintiff's objection is without merit.

### F. CAUSE VI

In Cause VI of his Objection, the Plaintiff discusses the Defendant's reliance on *Dring v. McDonnel Douglas Corp.*, 58 F.3d 1323 (8th Cir. 1995) in support of the Defendant's argument. This does not constitute a specific objection to the Magistrate's Report because the Plaintiff has failed to focus on "dispositive portions" of the Report. *See Field*, 663 F. Supp. 2d at 452. To the contrary, this case was not discussed in the Magistrate's Report. The Magistrate considered both the Defendant's and the Plaintiff's briefs and the information contained therein. This objection is non-specific and without merit, and, therefore, it requires no further review.

### G. CAUSE VII

As in Cause VI, the Plaintiff asserts arguments not discussed in the Report. He, again, asserts arguments regarding the Motions for Summary Judgment, which have already been considered by the Magistrate in her Report. Therefore, Cause VII does not constitute a specific objection, and this objection is thus without merit.

### H. CAUSE VIII

The Plaintiff next argues that, had he been informed about the filing fee, he would have submitted it and his Complaint on time. (ECF No. 97 p. 13). The Magistrate was merely noting the "multiple problems with [Plaintiff's] filing." *See* (ECF No. 93 p. 5 n.4). Again, the Plaintiff is apparently arguing that equitable tolling should apply to his case.

As discussed above, the Plaintiff received a Right to Sue letter from the EEOC, which advised him regarding the 90-day deadline to file his Complaint. *See* discussion *supra* Section III.IV; (ECF No. 1). Although he asserts that his untimely filing was due to the "court's action," he nevertheless missed the deadline after receiving notice that he had 90 days to file his Complaint. This is simply a "garden variety claim of excusable neglect" that would be deemed insufficient to establish an extraordinary circumstance sufficient to justify equitable tolling. *See Irwin*, 498 U.S. at 96. Therefore, Cause VIII does not constitute a specific objection, and it requires no further review.

### I. CAUSE IX

Here, as in Causes VI and VII, the Plaintiff is not asserting an objection to a specific section of the Report. Instead, he is refuting arguments made by the Defendant in its Motion for Summary Judgment.[3] Therefore, Cause IX does not constitute a specific objection, and this objection requires no further review.

### J. CAUSE X

Here, the Plaintiff merely makes a conclusory statement: "the Defendant engaged in discriminatory practices and attempted to cover up their discriminatory practices via engaging in felonious and unethical conduct." (ECF No. 97 p. 15). Therefore, Cause X does not constitute a specific objection, and this objection requires no further review.

---

[3] Defendant discussed *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) in its Memorandum in Support of Summary Judgment. (ECF No. 68-1 p. 11).

### K. CAUSE XI

The Plaintiff next objects to the fact that he is not permitted to raise a new claim in response to the Defendant's Motion for Summary Judgment. (ECF No. 97 p. 15). He claims that "every claim whether existing or new should be included." *Id.* at 16.

However, as the Magistrate noted, asserting new claims in a brief submitted in opposition to a motion for summary judgment is procedurally improper. *See Barclay White Skanska, Inc. v. Battelle Mem'l Inst.*, 262 F. App'x 556, 564 (4th Cir. 2008) (citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment."); *see also United States v. Jones*, No. 87-7313, 1988 WL 21257, at *1 (D.S.C. Mar. 9, 1988) (holding that the district court "did not err in failing to consider a new claim raised by [plaintiff] in a pleading . . . which was filed in response" to a motion for summary judgment). Therefore, the Plaintiff's objection is without merit, and it requires no further review.

### L. CAUSE XII

In Cause XII, the Plaintiff claims that an order issued November 21, 2017 (ECF No. 59), which dismissed several of the Plaintiff's claims, should be reversed. (ECF No. 97 p. 16). This does not constitute a specific objection but is a response to the Magistrate's note and an expression of discontent regarding the Court's prior Order. Therefore, this objection requires no further review.

### III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report,

this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate's recommendation (ECF No. 97). Therefore, the Defendant's Motion for Summary Judgment (ECF No. 68) is granted, and the Plaintiff's Motion for Summary Judgment (ECF No. 69) is denied.

IT IS SO ORDERED.

September 28, 2018  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge